(161 App. Div. 121)

### FEINSTEIN v. JACOBSON.

(Supreme Court, Appellate Division, First Department. March 6, 1914.)

INJUNCTION (§ 58*)—CONTRACTS—USE OF PROPERTY.

An agreement not to rent property to competitors of the adjoining owner may be enforced by injunction, though it provides that the promisor shall "be liable in damages and breach of contract" in case of its violation.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 111–113; Dec. Dig. § 58.*]

Appeal from Special Term, New York County.

Action by Paizor Feinstein against Ignatz Jacobson. From a judgment for defendant, plaintiff appeals. Reversed.

The complaint alleges plaintiff's ownership of the premises 79 Stanton street, where he conducts a clothing business, and that defendant is the owner of the adjoining premises No. 77, which had been used for the same purpose; that, defendant's premises having become vacant, he agreed with plaintiff that for a period of three years defendant would not rent his store for use in the clothing business, and, in case he (defendant) violated the agreement, he should "be liable * * * in damages and breach of contract"; that, in violation of the agreement, defendant has let the premises to Freedman Bros. for a clothing store, they having taken the lease with knowledge of the agreement. With appropriate allegations to show that plaintiff had no adequate remedy at law, the relief demanded was that defendant and Freedman Bros. be restrained from leasing or giving or taking possession of the store for the purpose of the clothing business, and from conducting or permitting such business to be conducted on the premises.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and HOTCHKISS, JJ.

David L. Podell, of New York City, for appellant.
Meyer D. Siegel, of New York City, for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

PER CURIAM. The fact that the agreement provided, in case of its violation by defendant, he should "be liable in damages and breach of contract" does not, in view of the circumstances, deprive plaintiff of the right to equitable relief. Lewis v. Gollner, 129 N. Y. 227, 234, 29 N. E. 81, 26 Am. St. Rep. 516; Diamond Match Co. v. Roeber, 106 N. Y. 473, 486, 13 N. E. 419, 60 Am. Rep. 464. Defendant's counsel concedes that the demurrer is bad, inasmuch as it did not specify *the* parties failure to join whom constituted the defect. This defect in pleading could not be cured on the motion, under Code Civ. Proc. § 768.

The judgment and order should be reversed, with costs, and the demurrer overruled, with $10 costs, with leave to the defendant to withdraw the demurrer, and to answer upon payment of costs in this court and in the court below.